UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO:

FERNANDO CEBALLOS,
and other similarly situated individuals,

    Plaintiff (s),

v.

MIAMI SCAFFOLD RENTAL LLC,
and JOSE MIGUEL CASTRO, individually

    Defendants,
_____/

## **COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff FERNANDO CEBALLOS, by and through the undersigned counsel, on behalf of himself and other similarly situated hereby sues Defendants MIAMI SCAFFOLD RENTAL LLC, and JOSE MIGUEL CASTRO, individually, and alleges:

JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid regular and overtime wages and retaliation under the laws of the United States. This Court has jurisdiction pursuant to Title 28 U.S.C. §§ 1331 and 1337 and under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq (the "FLSA" or the "Act").

2. This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216 (b).

3. Plaintiff FERNANDO CEBALLOS (hereinafter FERNANDO CEBALLOS, or Plaintiff) is a resident of Dade County, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

4. Defendant MIAMI SCAFFOLD RENTAL LLC (hereinafter SCAFFOLD RENTAL, or Defendant) is a Florida corporation with corporate offices in Dade County, Florida, FL, within the jurisdiction of this Court. At all times, Defendant was and is engaged in interstate commerce.

5. The individual Defendant JOSE MIGUEL CASTRO was and is now the owner/partner and manager of Defendant Corporation. This individual Defendant was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

6. All the actions raised in this Complaint took place in Dade County, within the jurisdiction of this Court.

## ALLEGATIONS COMMON TO ALL COUNTS

7. This cause of action is brought by Plaintiff as a collective action to recover from Defendants regular wages, overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked in excess of forty (40) hours during the material time.

8. The asserted class for this collective action includes all current and former employees similarly situated to Plaintiff, performing non-exempt duties, at all premises of SCAFFOLD RENTAL, in furtherance of the business of Defendants, and who worked

more than forty hours (40) during one or more weeks within the material time, without being paid minimum wages and overtime hours at the rate of time and one-half their regular rate ("the overtime rate"), pursuant the FLSA.

9. The material time for the claims, in this case, is the three-year period (3 years) prior to the date of each Plaintiff or each similarly situated individuals joining this action, as tolled or extended by the equity of by law.

10. Corporate Defendant is a rental company providing a full line of scaffold equipment and accessories. SCAFFOLD RENTAL operates in Dade, Broward, and Palm Beach Counties.

11. Defendants SCAFFOLD RENTAL, and JOSE MIGUEL CASTRO, employed Plaintiff FERNANDO CEBALLOS as a non-exempted, full-time, hourly employee from on or about June 15, 2021, to August 28, 2021, or 10 weeks.

12. Plaintiff was hired as a non-exempted laborer to perform non-exempted work in the scaffolding business. Plaintiff's wage rate was $17.31 an hour. Plaintiff's overtime rate should be $25.97 an hour.

13. During his employment with Defendants, Plaintiff had a mandatory, regular schedule. Plaintiff worked 6 days per week from Monday to Saturday, from 7:00 AM, to 4:30 (9.5 hours each day). Thus, Plaintiff worked a total of 54 hours weekly. Plaintiff has already deducted 30 minutes daily, or 3 hours weekly, corresponding to lunchtime.

14. Plaintiff worked more than 40 hours weekly, but he was paid for only 40 regular hours. Sometimes, Plaintiff received payment for a few O/T hours paid at his regular rate. Most of the time, Plaintiff did not receive any compensation for overtime hours.

15. Plaintiff did not clock in and out, but Defendants were able to monitor the hours worked by Plaintiff and other similarly situated individuals. Defendants did not keep accurate records of hours worked each workday, each workweek, and earnings and wages paid.

16. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). Defendants also willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

17. Plaintiff complained numerous times about the lack of payment for overtime hours, and about not receiving his payment check on payment days.

18. On or about Saturday, August 28, 2021, Plaintiff did not get paid, the next day Plaintiff called the owner of the business, JOSE MIGUEL CASTRO, and complained again about his unpaid wages.

19. As a result of Plaintiff's complaints on Monday 30, 2021 JOSE MIGUEL CASTRO fired Plaintiff. At the time of his termination, Defendants refused to pay Plaintiff for his last week of work, or the equivalence to $692.40.

20. Plaintiff FERNANDO CEBALLOS seeks to recover unpaid minimum wages, overtime wages for every hour above 40 that he worked, liquidated damages, retaliatory damages, and any other relief as allowable by law.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS**

21. Plaintiff FERNANDO CEBALLOS re-adopts every factual allegation stated in paragraphs 1-20 above as if set out in full herein.

22. Plaintiff brings this cause of action as a collective action to recover from Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after June 2021, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

23. The Employer SCAFFOLD RENTAL was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a provider of rental scaffold equipment. Defendant has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida. Upon information and belief, the annual gross revenue of the Employers/Defendant was always material hereto more than $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is enterprise coverage.

24. Plaintiff was employed by an enterprise engaged in interstate commerce. Through his daily activities, Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce by handling and working with goods and materials that

were moved across State lines at any time during the business. Therefore, there is individual coverage.

25. Defendants SCAFFOLD RENTAL, and JOSE MIGUEL CASTRO, employed Plaintiff FERNANDO CEBALLOS from on or about June 15, 2021, to August 28, 2021, or 10 weeks.

26. Plaintiff was hired as a full-time, non-exempted employee to perform non-exempted work as a rental scaffolding equipment labor, with a wage rate of $17.31 an hour.

27. During his employment with Defendants, Plaintiff had a mandatory, regular schedule. Plaintiff worked 6 days per week from Monday to Saturday, a total of 54 hours weekly. Plaintiff has already deducted 3 hours weekly, corresponding to lunchtime.

28. Plaintiff worked a minimum of 54 hours every week, but he was not paid for overtime hours as required by law.

29. Plaintiff did not clock in and out, but Defendants were able to monitor the hours worked by Plaintiff and other similarly situated individuals. Defendants did not keep accurate records of hours worked each workday, hours worked each workweek, and earnings and wages paid.

30. Therefore, Defendants willfully failed to pay Plaintiff for all his overtime hours at the rate of time and one-half his regular rate for every hour that he worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

31. Plaintiff was paid weekly without any record or paystub showing the number of days and hours worked, wage rate paid, etc.

32. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation paid to such employees should be in the

possession and custody of Defendants. However, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

33. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

34. Prior to the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

   *Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modifications as discovery could dictate.

   a. <u>Total amount of alleged unpaid O/T wages</u>:

   Three Thousand Six Hundred Thirty-Five Dollars and 80/100 ($3,635.80)

   b. <u>Calculation of such wages</u>:

   Total period of employment: 10 weeks
   Total relevant weeks: 10 weeks
   Total hours worked: 54 hours weekly
   Total unpaid O/T hours: 14 O/T hours weekly
   Rate paid: $17.31 x 1.5= $25.97 an O/T hour

   O/T rate $25.97 x 14 O/T hours= $363.58 weekly x 10 weeks =$3,635.80

   c. <u>Nature of wages (e.g., overtime or straight time)</u>:

   This amount represents unpaid overtime wages.

35. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, the Defendants made no

provision to pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

36. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendants as set forth above. Plaintiff and those similarly situated are entitled to recover double damages.

37. At times mentioned, individual Defendant JOSE MIGUEL CASTRO was and is now the owner/partner and manager of SCAFFOLD RENTAL. Defendant JOSE MIGUEL CASTRO was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. This individual Defendant acted directly in SCAFFOLD RENTAL interests concerning its employees, including Plaintiff and others similarly situated. Defendant JOSE MIGUEL CASTRO had financial and operational control of the business, provided Plaintiff with his work schedule, and is jointly and severally liable for Plaintiff's damages.

38. Defendants SCAFFOLD RENTAL and JOSE MIGUEL CASTRO, willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half his regular rate, as required by the law of the United States and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

39. Plaintiff has retained the law offices of the undersigned attorney to represent him individually and on behalf of the asserted class and incurred attorney's fees and costs in

bringing this action. Pursuant to 29 U.S.C § 216 (b), Plaintiff is entitled to recover reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff FERNANDO CEBALLOS and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff FERNANDO CEBALLOS and others similarly situated and against the Defendants SCAFFOLD RENTAL and JOSE MIGUEL CASTRO based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked more than forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff FERNANDO CEBALLOS and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

## COUNT II:
## F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS

40. Plaintiff re-adopts every factual allegation as stated in paragraphs 1-20 of this Complaint as if set out in full herein.

41. The Employer SCAFFOLD RENTAL was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a scaffold equipment rental company that has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida. Upon information and belief, the annual gross revenue of the Employers/Defendant was always material hereto more than $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is enterprise coverage.

42. Plaintiff was employed by an enterprise engaged in interstate commerce and through his daily activities, Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce by handling and working with goods and materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

43. This action is brought by the Plaintiff to recover from the Employer unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206. U.S.C. §206 states, "Every Employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

  (1) except as otherwise provided in this section, not less than—

   (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

   (B) $6.55 an hour, beginning 12 months after that 60th day; and

   (C) $7.25 an hour, beginning 24 months after that 60th day.

44. Defendants SCAFFOLD RENTAL, and JOSE MIGUEL CASTRO, employed Plaintiff FERNANDO CEBALLOS as a non-exempted, full-time, hourly employee from on or about June 15, 2021, to August 28, 2021, or 10 weeks.

45. Plaintiff was hired as a non-exempted laborer to perform non-exempted work in the scaffolding business. Plaintiff's wage rate was $17.31 an hour. Plaintiff's overtime rate should be $25.97 an hour.

46. During his employment with Defendants, Plaintiff had a mandatory, regular schedule. Plaintiff worked 6 days per week a total of 54 hours weekly. Plaintiff has already deducted 30 minutes daily, or 3 hours weekly, corresponding to lunchtime.

47. Plaintiff worked more than 40 hours weekly, but he did not receive any compensation for overtime hours.

48. Plaintiff did not clock in and out, but Defendants were able to monitor the hours worked by Plaintiff and other similarly situated individuals. Defendants did not keep accurate records of hours worked each workday, hours worked each workweek, and earnings and wages paid.

49. Plaintiff protested and complained many times.

50. Due to his multiple complaints, Plaintiff was fired on or about August 30, 2021. At the time of his termination, Defendants refused to pay Plaintiff his hard-earned wages.

51. Defendants did to pay Plaintiff for his last week of work.

52. Plaintiff worked a substantial number of hours that were not compensated at his regular rate, and not even the minimum wage rate established by the FLSA.

53. Plaintiff did not clock in and out, but Defendants were able to monitor the hours worked by Plaintiff and other similarly situated individuals.

54. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

55. Plaintiff was paid weekly by direct deposits, without paystubs showing the number of days and hours worked, the wage rate paid, etc.

56. The records, if any, concerning the number of hours worked by Plaintiff and all other employees and the compensation paid to such employees should be in the possession and custody of Defendants. However, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other similarly situated individuals upon information and belief. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

57. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

58. Prior to the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this Complaint, the Plaintiff's good faith estimate of unpaid wages are as follows:

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modifications as discovery could dictate.
 Florida's minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

    a.  <u>Total amount of alleged unpaid wages</u>:

    Three Hundred Forty-Six Dollars and 00/100 ($346.00)

    b.  <u>Calculation of such wages</u>:

    Total period of employment: 10 weeks
    Total relevant weeks: 1 week
    Total hours worked: 40 hours weekly
    Rate paid: $17.31 an hour
    Florida minimum wage: $8.65

    Min. wage $8.65 x 40 hours= $346.00 weekly x 1 week=$346.00

    c.  <u>Nature of wages</u>:

    This amount represents unpaid minimum wages at the Florida minimum wage rate.

59. Defendants unlawfully failed to pay minimum wages to Plaintiff. Plaintiff seeks to recover for minimum wage violations accumulated during his relevant time of employment.

60. The Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these minimum wages.

61. At times mentioned, individual Defendant JOSE MIGUEL CASTRO was and is now the owner/partner and manager of SCAFFOLD RENTAL. Defendant JOSE MIGUEL CASTRO was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. This individual Defendant acted directly in the interests of SCAFFOLD RENTAL concerning its employees, including Plaintiff and others similarly situated. Defendant JOSE MIGUEL CASTRO had financial and operational control of the business, provided Plaintiff with his work schedule, and is jointly and severally liable for Plaintiff's damages.

62. Defendants SCAFFOLD RENTAL and JOSE MIGUEL CASTRO willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States and remain owing Plaintiff these minimum wages as set forth above.

63. Plaintiff has retained the law offices of the undersigned attorney to represent him individually and on behalf of the asserted class and incurred attorney's fees and costs in bringing this action. Pursuant to 29 U.S.C § 216 (b), Plaintiff is entitled to recover reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff FERNANDO CEBALLOS respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff FERNANDO CEBALLOS and against the Defendants SCAFFOLD RENTAL and JOSE MIGUEL CASTRO based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff FERNANDO CEBALLOS and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

## COUNT III:
## FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATION; AGAINST ALL DEFENDANTS

64. Plaintiff FERNANDO CEBALLOS re-adopts every factual allegation as stated in paragraphs 1-20 of this Complaint as if set out in full herein.

65. The Employer SCAFFOLD RENTAL was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a scaffold equipment rental company that has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida. Upon information and belief, the annual gross revenue of the Employers/Defendant was always more than $500,000 per annum. Therefore, there is enterprise coverage.

66. Plaintiff was employed by an enterprise engaged in interstate commerce. Through his daily activities, Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce by handling and working with goods and materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

67. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

68. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

69. 29 U.S.C. § 206 (a) (1) states, "….an Employer must pay a minimum wage of $5.15/hr. to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

70. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

71. Defendants SCAFFOLD RENTAL, and JOSE MIGUEL CASTRO, employed Plaintiff FERNANDO CEBALLOS as a non-exempted, full-time, hourly employee from on or about June 15, 2021, to August 28, 2021, or 10 weeks.

72. Plaintiff was hired as a non-exempted laborer to perform non-exempted work in the scaffolding business. Plaintiff's wage rate was $17.31 an hour. Plaintiff's overtime rate should be $25.97 an hour.

73. During his employment with Defendants, Plaintiff had a mandatory, regular schedule. Plaintiff worked 6 days per week a minimum of 54 hours.

74. Plaintiff worked more than 40 hours weekly, but he was paid for only 40 regular hours. In addition, Defendants did not pay Plaintiff his wages timely, on payment day.

75. Plaintiff did not clock in and out, but Defendants were able to monitor the hours worked by Plaintiff and other similarly situated individuals. Defendants did not keep accurate records of hours worked each workday, hours worked each workweek, and earnings and wages paid.

76. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

Defendants also willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

77. Plaintiff was very disappointed, and he complained to the owner of the business JOSE MIGUEL CASTRO many times. Plaintiff demanded to be paid overtime hours, Plaintiff also requested to be paid timely.

78. These complaints constituted protected activity under 29 U.S.C. 215(a)(3).

79. On or about Saturday August 28, 2021, Plaintiff did not receive his payment check one more time. The next day, Plaintiff complained for the last time,

80. However, as a direct response to Plaintiff's complaints, on or about Monday, August 30, 2021, the owner of the business JOSE MIGUEL CASTRO fired Plaintiff and refused to pay his for his last week of work.

81. At all times during his employment, Plaintiff performed his work satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendants.

82. At times mentioned, individual Defendant JOSE MIGUEL CASTRO was and is now the owner/partner and manager of SCAFFOLD RENTAL. Defendant JOSE MIGUEL CASTRO was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. This individual Defendant acted directly in the interests of SCAFFOLD RENTAL concerning its employees, including Plaintiff and others similarly situated. Defendant JOSE MIGUEL CASTRO had financial and operational control of the business, provided Plaintiff with his work schedule, and he is jointly and severally liable for Plaintiff's damages.

83. The termination of Plaintiff FERNANDO CEBALLOS by the Defendants was directly and proximately caused by Defendants' unjustified retaliation against Plaintiff because of his complaints about overtime payment and regular wages, in violation of Federal Law.

84. Moreover, Plaintiff's termination came just in temporal proximity after Plaintiff's participation in protected activity.

85. Defendants SCAFFOLD RENTAL and JOSE MIGUEL CASTRO willfully and maliciously retaliated against Plaintiff FERNANDO CEBALLOS by engaging in a retaliatory action that was materially adverse to a reasonable employee, and with the purpose to dissuade Plaintiff from exercising his rights under 29 U.S.C. 215(a)(3).

86. The motivating factor which caused Plaintiff FERNANDO CEBALLOS to be fired from the business, as described above, was his Complaint seeking his regular and overtime wages from the Defendants. In other words, Plaintiff would not have been fired but for his complaints regarding regular and overtime wages.

87. The Defendants' adverse actions against Plaintiff FERNANDO CEBALLOS were in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, Plaintiff has been damaged.

88. Plaintiff FERNANDO CEBALLOS has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fees and costs.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff FERNANDO CEBALLOS respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that the Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants SCAFFOLD RENTAL and JOSE MIGUEL CASTRO that Plaintiff FERNANDO CEBALLOS recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants SCAFFOLD RENTAL and JOSE MIGUEL CASTRO to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff FERNANDO CEBALLOS further prays for such additional relief as the interests of justice may require.

## JURY DEMAND

Plaintiff FERNANDO CEBALLOS demands trial by a jury of all issues triable as of right by a jury.

DATED: October 8, 2021,

Respectfully submitted,

By: /s/ **Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*